IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALLAN SEAGER,

    Plaintiff,

v.                                                    No. 24-cv-0194-SMD-KK

STATE OF NEW MEXICO, *et al*,

    Defendants.

## ORDER REGARDING MOTIONS TO SUBMIT EVIDENCE AND UNSEAL EXHIBITS

This matter is before the Court on Plaintiff's *pro se* Motions to Submit Evidence (Doc. 6) and to Unseal a State Exhibit (Doc. 11). Plaintiff is a state prisoner. He filed the motions in connection with his Amended Civil Rights Complaint (Doc. 5), which raises claims for false arrest and due process violations. Plaintiff's theory is that a civilian was impersonating a police officer during his state arrest. *See* Doc. 5 at 3. The state docket reflects Plaintiff was convicted of several counts of criminal sexual penetration (CSP) of a child under age thirteen. *See* Docket Sheet in Case No. D-722-CR-2010-11; *United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

In the first motion, Plaintiff seeks to submit a record from the New Mexico Department of Public Safety. *See* Doc. 6 at 2. The record consists of a list of all police officers employed by the City of Moriarty in 2009. *Id.* at 3. In the second motion, Plaintiff seeks an order directing the state court to unseal State's Exhibit 19 in his CSP case, No. D-722-CR-2010-11. *See* Doc. 11 at 1. Exhibit 19 consists of a New Mexico State Police Forensics Examination Report. Plaintiff

believes the report will show the evidence against him was digitally altered, which will substantiate his civil claim for false arrest. *Id.*

Both motions are premature because at this stage, the Court's review is limited to the allegations in the Amended Complaint (Doc. 5). Prisoner complaints against government officials are subject to *sua sponte* review. *See* 28 U.S.C. § 1915A(a). If the complaint states a facially meritorious claim, the Court typically orders an answer. *See* 28 U.S.C. § 1915A. If, however, the allegations are frivolous, malicious, or fail to state a claim upon which relief may be granted, the complaint will be dismissed. *See* 1915A(b)(1). In determining whether a complaint states a cognizable claim, the Court must generally only consider "the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). Plaintiff does not need to submit documentary evidence to prove the allegations in the Amended Complaint because the Court accepts the alleged facts as true. *See Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023) (in determining whether a complaint states a cognizable claim, courts must "accept the well-pleaded facts alleged as true and view them in the light most favorable to the plaintiff"). The Court will therefore deny both motions as premature and without prejudice.

If this case survives initial review, Plaintiff will have an opportunity to seek discovery and submit documentary evidence during the *Martinez* investigation. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (citing *Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978) and explaining that a *Martinez* investigation is "a court-authorized investigation and report by [state] officials" aimed at ferreting out the "factual or legal bases for [the prisoner civil rights] claims").

**IT IS ORDERED** that Plaintiff's Motion to Submit Evidence (**Doc. 6**) and Motion to Unseal a State Exhibit (**Doc. 11**) are **DENIED without prejudice**.

**SO ORDERED**.

_____
HON. SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE