## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ALLAN SEAGER,

     Plaintiff,

vs.                                                                           No. 24-cv-0194-SMD-KK

STATE OF NEW MEXICO, *et al,*

     Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Plaintiff's Amended Prisoner Civil Rights Complaint. Doc. 5 ("Compl."). Plaintiff is incarcerated and proceeding *pro se*. He seeks money damages for false arrest and/or malicious prosecution in state court. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will dismiss all claims but grant leave to amend.

## BACKGROUND[1]

This case arises from Plaintiff's state conviction for criminal sexual penetration ("CSP") of a child under thirteen (13). In 2011, Plaintiff was convicted of two counts of CSP. Verdicts entered June 21, 2011 in Case No. D-722-CR-2010-011. State Judge Matthew Reynolds initially sentenced Plaintiff to eighteen (18) years imprisonment on each count for a total, consecutive term of thirty-six (36) years. Judgment entered August 23, 2011 in Case No. D-722-CR-2010-011. The New Mexico Court of Appeals ("NMCA") reversed the CSP conviction as to Count II but affirmed as to Count I. Mandate entered October 29, 2013 in Case No. D-722-CR-2010-011. Thereafter, Judge

---

[1] The background is taken from the facts in the Amended Complaint and Plaintiff's state criminal dockets, which are subject to judicial notice. *See Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (federal courts may take "judicial notice of the state-court docket sheet").

Reynolds entered an Amended Judgment reducing the total sentence to eighteen (18) years imprisonment. Amended Judgment entered March 9, 2015 in Case No. D-722-CR-2010-011 ("State Judgment"). Plaintiff challenged the State Judgment in 2015 through a 28 U.S.C. § 2254 habeas proceeding. *See Seager v. Wrigley*, 15-cv-0747 MCA-SMV. The Court (Hon. M. Christina Armijo) denied the § 2254 habeas petition on the merits, and the Tenth Circuit affirmed. *Id.*

The instant civil rights case contains many of the same arguments raised in Plaintiff's habeas proceeding, but he now seeks money damages. Plaintiff alleges he was framed for CSP because he testified against a police officer in 2009. Compl. at 3, 5. Plaintiff allegedly testified against an officer "who stole three million dollars of recovered drug money from the Moriarty evidence locker." *Id.* at 5. Thereafter, police allegedly arrested or detained Plaintiff in connection with six criminal cases. *Id.* Plaintiff contends that during two of the encounters, police approached Plaintiff and detained him solely for resisting arrest. *Id.* Plaintiff further alleges that during an encounter at his home on December 23, 2009, a man named Phillip Joseph Baca detained him at gunpoint under the guise of "protective custody." *Id.* Baca then transported Plaintiff to the Moriarty Police Department, where charges were filed. *Id.*

Plaintiff contends Baca was a "civilian impersonating a police officer" and that Baca planted evidence in the state CSP case. Compl. at 3, 5. Baca searched Plaintiff's home pursuant to a warrant, which allegedly failed to produce evidence. *Id.* Plaintiff contends that the next day, a white computer hard drive appeared on the foot of his bed below an open window. *Id.* Baca allegedly collected the *white* hard drive; drove it to the Moriarty Police Station; and then logged a different, *black* hard drive into evidence. *Id.* A forensics report later described the device as silver. *Id.* Plaintiff alleges the Torrance County Sheriff's Department confiscated that report, and the state

trial court sealed the evidence. *Id.* Plaintiff believes such actions demonstrate the State fabricated evidence supporting his CSP conviction. *Id.* To support his claim that civilians were impersonating police, Plaintiff alleges there is no record of an Officer Baca working for the Moriarty Police Department. *Id.* Plaintiff further alleges that the New Mexico Law Enforcement Academy has no record of attendance for Susan Encinias, the officer who attended certain court dates. *Id.*

Beyond the search and arrest, Plaintiff contends he did not receive a fair trial in the state CSP case. Compl. at 5. He argues Judge Reynolds was biased; failed to provide notice of the charges; knowingly concealed the false arrest; failed to suppress evidence; and delayed the entry of the Amended Judgment. *Id.* The instant Complaint raises 42 U.S.C. § 1983 claims for malicious prosecution, false arrest, and illegal search and seizure. Compl. at 3, 5. Plaintiff seeks $20 million in damages from three Defendants: (1) the State of New Mexico; (2) the Moriarty Police Department; and (3) Judge Reynolds. *Id.* at 2-3, 7. Plaintiff obtained leave to proceed *in forma pauperis* and paid the initial filing fee. Docs. 7, 12. The matter is therefore ready for initial review under 28 U.S.C. § 1915(e).

## STANDARDS GOVERNING INITIAL REVIEW

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints. The Court must dismiss any such complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state

a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### DISCUSSION

The crux of the Complaint is that Plaintiff was framed, and his state arrests/searches were improper. These claims fail for three reasons: (1) the Complaint fails to name a Defendant subject to liability under 42 U.S.C. § 1983; (2) the facts do not show a cognizable constitutional violation; and (3) the claims are time-barred. The Court will address each issue below.

### I.      The Defendants Are Not Subject to Suit Under § 1983

"A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036,

1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046. Essentially, "a successful § 1983 complaint must make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).

The Complaint does not satisfy these standards with respect to any Defendant. As noted above, Plaintiff names the State of New Mexico; the Moriarty Police Department; and State Judge Reynolds. The claims against the State of New Mexico must be dismissed because "a State is not a person within the meaning of § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). The same rule applies to the Moriarty Police Department. *See Moore v. Diggins*, 633 Fed. App'x 672, 677 (10th Cir. 2015) (a police department is "not a suable entity under § 1983"); *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("The 'City of Denver Police Department' is not a separate suable entity" subject to suit under § 1983); *Mohammad v. Albuquerque Police Dep't*, 699 Fed. App'x 838, 839 (10th Cir. 2017) ("the Albuquerque Police Department is not a 'person' under § 1983"). To obtain relief based on alleged wrongdoing by a police department, a § 1983 plaintiff must sue the municipality and "show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996).

The claims against State Judge Reynolds are also barred. Judges are immune from suit based on actions taken in their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[I]mmunity applies even when the judge is accused of acting maliciously and corruptly." *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). The only exception is when a judge "acts

clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). As a state district judge, Judge Reynolds had jurisdiction to preside over Plaintiff's criminal case and enter judgment in New Mexico's Seventh Judicial District Court. Docket Sheet in Case No. D-722-CR-2010-011. The Complaint therefore fails to state a § 1983 claim against any Defendant.

## II.    The Facts Fail to Allege a Constitutional Violation

Alternatively, even if Plaintiff could successfully sue the named Defendants, the Complaint fails to allege a viable claim for malicious prosecution, false arrest, or illegal search/seizure. "To state a § 1983 claim for malicious prosecution, a plaintiff must show: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Montoya v. Vigil*, 898 F.3d 1056, 1066 (10th Cir. 2018) (internal quotations omitted). The original criminal action did not terminate in Plaintiff's favor. He is still serving a state sentence for one count of CSP. *See Thompson v. Clark,* 596 U.S. 36, 49 (2022) (to satisfy the favorable termination element, a plaintiff must "show that the criminal prosecution ended without a conviction"). Plaintiff therefore cannot maintain a claim for malicious prosecution.

Plaintiff's claims for false arrest and illegal search/seizure also fail. The Complaint primarily focuses on the search/arrest by Baca in connection with the CSP charges. Accepting the allegations at face value, Plaintiff cannot raise a § 1983 claim against Baca because that individual is not a state actor. *See* Compl. at 3-5 (alleging Baca was a "civilian impersonating a police officer"); *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000) (A state actor must

6

commit the alleged wrongdoing to sustain a claim under § 1983).  Assuming Baca was an officer, but Plaintiff could not obtain his employment records, the allegations still fail to state a claim for false arrest or illegal search/seizure.  Baca searched Plaintiff's home on December 24, 2009 and arrested him pursuant to a signed warrant.  Compl. at 5 (describing the arrest and search); *see also* Affidavits of Arrest and Search Warrants entered December 24, 2009 in M-56-FR-2009-147.  Baca cannot be sued for executing a court order, and in any event, Plaintiff has not shown Baca lacked probable cause for the arrest/search.  *See Turney v. O''Toole,* 898 F.2d 1470, 1473 (10th Cir. 1990) (state officials cannot be liable for executing a facially valid order to arrest the plaintiff, even if the order was unlawful); *Price v. Tulsa Cnty. Ct.*, No. 25-5116, 2025 WL 3043445, at *1 (10th Cir. Oct. 31, 2025) ("To state a claim for false arrest," the plaintiff must ordinarily allege "that he was arrested without probable cause").  Moreover, when a § 1983 plaintiff is searched after the institution of legal process and "arrested pursuant to a validly issued—if not validly supported— arrest warrant," the claim is properly analyzed under the malicious-prosecution standard.  *Myers v. Koopman*, 738 F.3d 1190, 1195 (10th Cir. 2013) (noting "unreasonable seizures imposed without legal process precipitate Fourth Amendment false imprisonment claims," while "unreasonable seizures imposed with legal process precipitate Fourth Amendment malicious-prosecution claims").  As noted above, Plaintiff cannot maintain a claim for malicious prosecution.  The Complaint therefore fails to state a claim for false arrest/illegal search.

The Court further notes that, even if Plaintiff could still assert a claim for false arrest or illegal search/seizure, such claims would be barred by *Heck v. Humphry*, 512 U.S. 477, 487 (1994).  *Heck* holds that the Federal Court must dismiss a § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction.  *Id.* at 487.  Claims for

false arrest and illegal search/seizure do not undermine the plaintiff's conviction in every case. *See Laurino v. Tate,* 220 F.3d 1213, 1217 (10th Cir. 2002). However, the Tenth Circuit has found that *Heck* bars claims based on false arrest where, as here, the plaintiff argues the "arrest was improper because he had not committed the alleged offenses." *Jackson v. Loftis,* 189 Fed. App'x. 775, 779 n. 1 (10th Cir. 2006). A similar rule applies to cases involving illegal search/seizure. The plaintiff cannot prevail on a claim where the "the actual, compensable injury" resulting from an illegal search is simply "the 'injury' of being convicted and imprisoned." *Heck*, 512 U.S. at 487 n.7.

A finding that Baca planted a hard drive through Plaintiff's window and then improperly arrested Plaintiff based on that evidence would necessarily imply his CSP conviction is invalid. The claims for false arrest and illegal search/seizure are therefore barred by *Heck*. To the extent Plaintiff wishes to raise a claim based on arrests/searches that are unrelated to the CSP charges, the Complaint contains inadequate factual detail to survive review. It is not clear who arrested Plaintiff in those instances; whether the arrests were pursuant to a warrant; and whether probable cause existed for the arrests/searches. For these reasons, the Complaint fails to allege a cognizable constitutional violation under § 1983.

### III.    The Claims Are Time-Barred

As a third, alternative reason for dismissal, the Court concludes that any § 1983 claims are time-barred. Section 1983 violations occurring in New Mexico are governed by the three-year personal injury statute of limitations contained in N.M. Stat. Ann. § 37-1-8 (1978). *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014). *See also McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (The statute of limitations under § 1983 "is dictated by the personal injury statute of limitations in the state in which the claim arose."). "Claims arising out of police

actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Beck v. City of Muskogee Police Dep't,* 195 F.3d 553, 558 (10th Cir. 1999). *See also Wallace v. Kato,* 549 U.S. 384, 397 (2007) ("the statute of limitations upon a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process").

Plaintiff's Complaint plainly reflects that he testified against a police officer in 2009; he was first arrested "six hours later;" and his final arrest/detention in the CSP case occurred on December 24, 2009. Compl. at 5. This case was filed more than fourteen (14) years later on February 27, 2024. Doc. 1. The action is therefore time-barred. *See Wilson v. Reid*, 781 Fed. App'x 789, 791 (10th Cir. 2019) (affirming the dismissal of prisoner complaint pursuant to 28 U.S.C. § 1915(e) where his Fourth Amendment false imprisonment claims were time-barred).

For each alternative reason above, the Complaint fails to state a cognizable § 1983 claim. The Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e) and Rule 12(b)(6).

### IV.    The Court Will Grant Leave to Amend

The Tenth Circuit counsels that when a complaint is dismissed on initial review, *pro se* plaintiffs should normally be given an opportunity to remedy defects in their pleadings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, courts are not required to invite an amendment where such pleading would be futile, and any amended claims would also be subject to immediate dismissal under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e). *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

Leave to amend presents a close call in this case. Plaintiff cannot recover from the named

Defendants, and he cannot obtain damages based on his CSP conviction.  However, based on Plaintiff's *pro se* status, and because no Defendant has been served or appeared in this case, the Court will adhere to the general rule and grant leave to amend.  Plaintiff may file a single, amended complaint within thirty (30) days of entry of this Order.  If Plaintiff fails to timely amend, or if he files another complaint that fails to state a cognizable federal claim, this case may be dismissed with or without prejudice.

**IT IS ORDERED** that Plaintiff's Amended Prisoner Civil Rights Complaint (**Doc. 5**) is dismissed without prejudice for failure to state a cognizable claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6); and Plaintiff may file a single, amended complaint within thirty (30) days of entry of this ruling.

HON. SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE