IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALLAN SEAGER,

    Plaintiff,

vs.                                                                                                 No. 24-cv-0194-SMD-KK

STATE OF NEW MEXICO, *et al,*

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court following Plaintiff Allan Seager's failure to amend his 42 U.S.C. § 1983 complaint to state a plausible claim, as directed. Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*. The original Complaint seeks money damages based on Plaintiff's state conviction for criminal sexual penetration ("CSP") of a child under thirteen (13). Doc. 5 ("Compl."). The detailed factual allegations are set forth in the Memorandum Opinion and Order entered November 24, 2025, which is incorporated here by reference. Doc. 32 ("Screening Ruling"). Plaintiff's theory is that he was framed for CSP because he testified against a police officer. Compl. at 3, 5. The original Complaint alleges police arrested him six times after he testified in 2009; a "civilian impersonating a police officer" searched his home; and police planted a laptop in his room. *Id.* The original Complaint also seeks money damages on the ground that State Judge Reynolds failed to provide a fair trial in the CSP case. *Id.* at 5. Construed liberally, the original Complaint raises 42 U.S.C. § 1983 claims for malicious prosecution, false arrest, and illegal search and seizure. *Id.* at 3, 5. Plaintiff seeks $20 million in damages from three Defendants: (1) the State of New Mexico; (2) the Moriarty Police Department; and (3) Judge Reynolds. *Id.* at 2-3, 7.

By a ruling entered November 24, 2025, the Court conducted a *sua sponte* review of the original Complaint and determined it fails to state a 42 U.S.C. § 1983 claim against any Defendant. *See* Doc. 32 (Screening Ruling); *see also* 28 U.S.C. § 1915(e) (courts must *sua sponte* review *in forma pauperis* complaints to determine whether they state a cognizable claim). The Screening Ruling explains that none of the Defendants are subject to suit under § 1983. *See* Doc. 32 at 5 (explaining that § 1983 plaintiffs cannot successfully sue the State; a police department; or a state judge). The Screening Ruling alternatively explains the alleged facts are insufficient to demonstrate a constitutional violation, and the claims are time-barred. *Id.* at 6-9.

For each alternative reason, the Court dismissed the original Complaint without prejudice. Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), Plaintiff was permitted to amend his claims within 30 days of entry of the Screening Ruling. The Screening Ruling warns that the failure to timely amend may result in dismissal with or without prejudice. *See* Doc. 32 at 10. The deadline to file an amended complaint expired no later than December 26, 2025. Plaintiff did not comply; show cause for such failure; or otherwise respond to the Screening Ruling. The Court will therefore dismiss this case for failure to state a cognizable claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6). The Court has the option to dismiss with or without prejudice under those authorities. *See, e.g., Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where the district court rejected a "claim but gave [plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in a dismissal"). The Court will enter the dismissal without prejudice in this case, since the Defendants have not appeared and will not be prejudiced by such ruling.

**IT IS ORDERED** that this case, including each claim in Plaintiff's Amended Prisoner Civil

Rights Complaint (**Doc. 5**), is **DISMISSED without prejudice** for failure to state a cognizable claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6); and the Court will enter a separate judgment closing the civil case.

_____
HON. SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE